UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE ALBERTO MARTINEZ,                                  :
                                                        :
                          Petitioner,                   :
                                                        :
      -against-                                         :
                                                        :
WILLIAM JOYCE, *Acting New York Field Office*           :          ORDER
*Director, Immigration and Customs Enforcement, U.S.*   :
*Department of Homeland Security*; PAM BONDI, *U.S.*    :      25 Civ. 10376 (GBD)
*Attorney General*; KRISTI NOEM, *Secretary, U.S.*      :
*Department of Homeland Security*,                      :
                                                        :
                          Respondents.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Before this Court is Petitioner Jose Alberto Martinez's petition for writ of habeas corpus and emergency motion for a temporary restraining order or preliminary injunction that (1) enjoins Respondents from moving Mr. Martinez outside of the Southern District of New York, including effectuating his unlawful removal out of the country; (2) enjoins Respondents from detaining Mr. Martinez under 8 U.S.C. § 1225(b)(2); and (3) orders Mr. Martinez's immediate release from Respondents' custody. (Petition for Writ of Habeas Corpus, "Habeas Petition," Exhibit 1: Emergency Motion for Temporary Restraining Order and Preliminary Injunction, "Emergency Motion," ECF No. 1-1 at 7.)

Upon consideration of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, IT IS HEREBY ORDERED that:

1. Respondents are ordered to file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted by **December 30, 2025**. *See* 28 U.S.C. § 2243.

2. Petitioner shall have an opportunity to reply by **January 5, 2026**.

3. The parties are further ordered to appear before this court for a hearing on the petition on **January 8, 2026, at 10:00 A.M.** in Courtroom 11A, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

4. Petitioner's Emergency Motion for a temporary restraining order is GRANTED to the extent that respondents are enjoined from removing Mr. Martinez outside of the Southern District of New York until this Court is able to conduct a hearing in this case on **January 8, 2026.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Martinez is a citizen of El Salvador who has been residing in the United States for almost thirty-five years. He originally entered the United States without inspection in 1992, filed an application for asylum that was denied, and appealed to the Board of Immigration Appeals ("BIA").

Mr. Martinez is the father of four and the grandfather of two U.S. Citizen children. For employment, Mr. Martinez owns a landscaping business. Mr. Martinez's son filed an I-130 Petition for Alien Relative on Mr. Martinez's behalf. This petition was approved, rendering Mr. Martinez eligible to adjust his status to that of a Lawful Permanent Resident. Mr. Martinez's sole criminal record is a sealed criminal misdemeanor from 2003.

On December 7, 2025, Mr. Martinez was detained by United States Immigration and Customs Enforcement ("ICE") as he was driving to his son's home. Mr. Martinez was detained at 26 Federal Plaza until December 11, 2025 when he moved to Nassau County Jail. On December 12, 2025, Mr. Martinez was moved back to 26 Federal Plaza. On December 14, 2025, Mr. Martinez "was taken to the airport with the attempt of transferring him to an out-of-state long-term detention facility," (Habeas Petition at 10), but the flight was canceled due to weather.

2

On December 15, 2025, Mr. Martinez filed this Habeas Petition and Emergency Motion for a temporary restraining order and preliminary injunction. (Habeas Petition, Emergency Motion, ECF No. 1-1.)

## II.   LEGAL STANDARDS

The standards for granting a TRO and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 ("Rule 65") are identical. *New York v. Trump*, 765 F. Supp. 3d 287, 291 (S.D.N.Y. 2025). To obtain a TRO, Mr. Martinez must show (1) likelihood of success on the merits on his habeas claim; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). "Where the Government is the opposing party, the final two factors in the temporary restraining order analysis—the balance of the equities and the public interest—merge." *Hernandez Aguilar v. Decker*, 482 F. Supp. 3d 139, 150 (S.D.N.Y. 2020).

"Like a preliminary injunction, a temporary restraining order is 'an extraordinary remedy never awarded as of right.'" *Bragg v. Jordan*, 669 F. Supp. 3d 257, 267 (S.D.N.Y. 2023). "The purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quotation omitted). "Thus, a temporary restraining order should issue for just so long as is necessary to hold a hearing." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002).

### III.  MR. MARTINEZ'S EMERGENCY PETITION FOR A TRO IS GRANTED

#### A.  Likelihood of Success on the Merits

Mr. Martinez has established a likelihood of success on the merits.  Mr. Martinez argues that his detention has violated, among other things, Mr. Martinez's due process rights.  The Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. Amend. V.  The Supreme Court has held that "[i]t is well established that the Fifth Amendment [Due Process Clause] entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Indeed, "[f]reedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that the Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Government detention violates the Due Process Clause "unless it is ordered in a criminal proceeding with adequate procedural safeguards or a special justification outweighs the individual's liberty interest."  *Id.*

Here, Mr. Martinez was detained with no procedural safeguards or special justifications.  In fact, by the time that Mr. Martinez filed the instant petition, he had been incarcerated for over a week and had not yet received any formal documentation from ICE, DHS, or EOIR regarding his detention or the possibility of a bond hearing.  This showing is sufficient to establish a likelihood of success on the merits of his claim.  "While the Government has the authority to detain individuals in order to effectuate their removal, this 'does not mean that it may do so in any manner it chooses, without affording due process.'"  *CANDIDA RAMIREZ LOPEZ, Petitioner, v. DONALD J. TRUMP, et al., Respondents.*, No. 25-CV-04826 (JAV), 2025 WL 3274224, at *9 (S.D.N.Y. July 10, 2025).

4

### B. Irreparable Harm

Mr. Martinez has made a showing that he will suffer irreparable harm absent a temporary restraining order. Where, as here, the petitioner has asserted a constitutional violation, a presumption of irreparable harm attaches. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *see also Connecticut Dep't of Env't Prot. v. O.S.H.A.*, 356 F.3d 226, 231 (2d Cir. 2004) (holding that "violations of constitutional rights are presumed irreparable.") (citation omitted).

Here, there is no doubt that Mr. Martinez has been deprived of his liberty. Mr. Martinez has been detained for over a week, transferred around various facilities, and has been unable to contact his counsel or family throughout the duration of his detention. "The deprivation of an alien's liberty is, in and of itself, irreparable harm." *CANDIDA RAMIREZ LOPEZ*, 25-CV-04826 (JAV), 2025 WL 3274224, at *8. A violation of Mr. Martinez's due process rights is therefore an independent basis upon which to find that Mr. Martinez has met his burden of establishing irreparable harm.

### C. Public Interest and Balance of Equities

The public interest and balance of equities weigh in favor of granting the TRO. The issuance of a TRO until this Court is able to conduct a hearing would not significantly impede the Government or public interest because the requested relief, as Mr. Martinez notes, "is temporary, narrowly tailored, and will only last pending the instant motion." (Habeas Petition, Emergency Motion, ECF No. 1-1.) "The brief delay caused by a temporary stay here does not interfere with the public interest when [Mr. Martinez] has been allowed to live in the United States for [thirty-five] years without Defendants executing the final removal order." *Torres-Jurado v. Biden*, No. 19 CIV. 3595 (AT), 2023 WL 7130898, at *5 (S.D.N.Y. Oct. 29, 2023). Finally, the "public

interest is best served by ensuring the constitutional rights of persons within the United States are upheld." *Coronel v. Decker*, 449 F. Supp. 3d 274, 287 (S.D.N.Y. 2020).

## IV.  CONCLUSION

Respondents are ordered to file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted by **December 30, 2025**. *See* 28 U.S.C. § 2243. Moreover, Mr. Martinez's Emergency Motion for a temporary restraining order is GRANTED to the extent that respondents are enjoined from transferring Mr. Martinez outside of S.D.N.Y. until this Court has an opportunity to conduct a hearing on this case on **January 8, 2026.**

Dated: New York, New York
      December 16, 2025

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

6