UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
JOSE ALBERTO MARTINEZ,

        Petitioner,

 -against-

WILLIAM JOYCE, *Acting New York Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security*; PAM BONDI, *U.S. Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*,

        Respondents.
------------------------------------------x

ORDER

25 Civ. 10376 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Petitioner Jose Alberto Martinez's petition for writ of habeas corpus. (Amended Petition for Writ of Habeas Corpus, "Habeas Petition," ECF No. 9.) Upon consideration of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, IT IS HEREBY ORDERED that Petitioner Jose Alberto Martinez's Habeas Petition is GRANTED and that Mr. Martinez be released from detention immediately.

## I.  FACTUAL AND PROCEDURAL BACKGROUND.

Mr. Martinez is a citizen of El Salvador who entered the United States in or about 1992, and has been residing in the United States for almost thirty-five years. On December 7, 2025, Mr. Martinez was detained by United States Immigration and Customs Enforcement ("ICE") as he was driving to his son's home. Mr. Martinez was detained with no procedural safeguards or justifications by the Government. Mr. Martinez has remained under detention for the past month and is currently being detained in 26 Federal Plaza.

On December 15, 2025, Mr. Martinez filed a Petition for Writ of Habeas Corpus and Emergency Motion for a Temporary Restraining Order or Preliminary Injunction that (1) enjoins

Respondents from moving Mr. Martinez outside of the Southern District of New York, including effectuating his unlawful removal out of the country; (2) enjoins Respondents from detaining Mr. Martinez under 8 U.S.C. § 1225(b)(2); and (3) orders Mr. Martinez's immediate release from Respondents' custody. (Petition for Writ of Habeas Corpus, "Habeas Petition," Exhibit 1: Emergency Motion for Temporary Restraining Order and Preliminary Injunction, "Emergency Motion," ECF No. 1-1 at 7.) On December 16, 2025, this Court issued an Order to Show Cause and GRANTED in part Petitioner's Motion for a Temporary Restraining Order, ordering a stay of Petitioner's transfer out of 26 Federal Plaza pending a hearing in this case scheduled for January 8, 2026. (Order, ECF No. 4.)

On December 30, 2025, the Government filed a Response to Mr. Martinez's original Habeas Petition, (*See* Government Response, "Response," ECF No. 8), and on January 5, 2026, Petitioner filed an amended Habeas Petition. (ECF No. 9.)

## II. **LEGAL STANDARDS**

"Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person of "life, liberty, or property without due process of law." U.S. Const. amend. V. Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment [Due Process Clause] entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

### III. MR. MARTINEZ'S HABEAS CORPUS PETITION IS GRANTED

#### A. Mr. Martinez is Detained Pursuant to 8 U.S.C. § 1226.

The Government argues that Mr. Martinez is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention requirement. Section 1225(a)(1) provides that "an alien present in the United States *who has not been admitted or who arrives* in the United States ... shall be deemed ... an applicant for admission." *Romero v. Francis*, No. 25-CV-8112 (JGK), 2025 WL 3110459, at *2 (S.D.N.Y. Nov. 6, 2025) (emphasis added); *see also Lopez*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *4 ("Section 1225 provides that aliens who arrive at the nation's borders are deemed 'applicants for admission,' and must be inspected by an immigration official before being granted admission."). Here, the Government argues that even though Mr. Martinez has been living in the United States for almost thirty-five years, he remains an applicant who is "seeking admission" to the United States and should be treated as an individual detained at the border.

The Government's argument, applying Section 1225(a)(1) beyond the border, has been repeatedly rejected in this district.[1] Instead, courts in this district have "consistently held that § 1225(b)(2)(A) does not govern detention of noncitizens arrested while residing in the United States; those detentions are governed by 8 U.S.C. § 1226(a)." *Romero*, No. 25-CV-8112 (JGK), 2025 WL 3110459; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("It is important to note at the outset that our immigration laws have long made a distinction between those aliens

---

[1] *See, e.g., Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025); *Quinteros Moran v. Joyce*, No. 25 CIV. 9645 (GBD), 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025); *Romero v. Francis*, No. 25-CV-8112 (JGK), 2025 WL 3110459, at *2 (S.D.N.Y. Nov. 6, 2025). *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *5 (S.D.N.Y. Aug. 13, 2025); *Samb v. Joyce*, No. 25-cv-6373, 2025 WL 2398831, at *3 (S.D.N.Y. Aug. 19, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at *11 (S.D.N.Y. Sept. 12, 2025); *Gonzalez v. Joyce*, No. 25-cv-8250, 2025 WL 2961626, at *4 (S.D.N.Y. Oct. 19, 2025).

3

who have come to our shores seeking admission, such as petitioner, and those who are within the United States after an entry, irrespective of its legality.").

## B. Mr. Martinez's current detention violates Due Process.

Mr. Martinez's detention violates Due Process because it does not comport with the requirements of 8 U.S.C. § 1226(a). "Detention pending adjudication of removal under § Section 1226 is discretionary and affords noncitizens detained thereunder the right to an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention." *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025) (citing 8 C.F.R. § 1236.1(d)(1).). Moreover, although "the Government has the authority to detain individuals in order to effectuate their removal, this 'does not mean that it may do so in any manner it chooses, without affording due process.'" *CANDIDA RAMIREZ LOPEZ, Petitioner, v. DONALD J. TRUMP, et al., Respondents.*, No. 25-CV-04826 (JAV), 2025 WL 3274224, at *9 (S.D.N.Y. July 10, 2025). "In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risks of danger to the community and to prevent flight." *Lopez v. Sessions*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *10 (S.D.N.Y. June 12, 2018).

Here, the Government offers no justification for why Mr. Martinez was detained without an initial determination as to eligibility and without a bond hearing. *Tumba*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *2. The Government does not contend that Mr. Martinez is a flight risk or a danger to the community. Nor has the Government argued that changed circumstances compel a change in Mr. Martinez's custody status and warrant his prolonged detention without due process.

To the contrary, the record shows the opposite. After entering the United States without inspection, Mr. Martinez voluntarily filed an I-589 application for asylum, submitted to being fingerprinted, and made all the necessary appearances for his asylum application, which was later administratively closed by the Board of Immigration Appeals ("BIA"). (*See* Letter by Petitioner, ECF No. 10 at 1.) Mr. Martinez also applied for and was granted Temporary Protective Status ("TPS"), traveled in and out of the country uninterrupted, and interacted with Customs and Border Patrol ("CBP") with no issues upon entry. Beyond a sealed criminal misdemeanor conviction from 2003, Mr. Martinez has had no additional issues with the law.

Currently, Mr. Martinez is a business owner and the father of four United States Citizen children and two United States Citizen grandchildren He has recently filed an I-485 Application to Register Permanent status, and Mr. Martinez's U.S. Citizen daughter has filed a new Form I-130, Petition for Alien Relative on Petitioner's Behalf, for Mr. Martinez.

Despite no issues presented on the record or any justification provided to this Court, the Government has held Mr. Martinez in custody for over a month without prior notice or meaningful opportunity to respond. This violation of due process compels this Court to order Mr. Martinez's immediate release. *See Tumba*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7 ("Considering the complete absence of any reason for Petitioner's arrest under Section 1226, either in the record or in the briefing, this Court cannot conclude that [Mr. Martinez's detention] is compliant with the mandates of the Due Process Clause."); *see also Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025) ("Respondents' ongoing detention of Petitioner with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process rights."); *Lopez*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *12 ("Petitioner's re-detention, without prior notice, a showing of changed circumstances, or a

meaningful opportunity to respond, does not satisfy the procedural requirements of the Fifth Amendment.").

## IV. CONCLUSION

Mr. Martinez's petition for a writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Mr. Martinez from custody and filing a letter entry on the docket no later than 5:00 p.m. on January 9, 2026 indicating its compliance with this order. The Clerk of Court is directed to close this case accordingly.

Dated: New York, New York
      January 8, 2026

SO ORDERED.

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge
