USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 07/16/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ALBERTO MARTINEZ,

Petitioner,

-against-

WILLIAM P. JOYCE, *in his official capacity*, et al.,

Respondents.

25-CV-10376 (GBD) (BCM)

**STAY ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On December 15, 2025, petitioner Jose Alberto Martinez filed a petition for writ of *habeas corpus*, arguing that he was improperly detained by Immigration and Customs Enforcement under 8 U.S.C § 1226(a). (Dkt. 1.) On December 30, 2025, the government filed a response, contending that petitioner was being detained pursuant to 8 U.S.C § 1225(b)(2)(A), and consequently was subject to a mandatory detention requirement. (Dkt. 8.) The District Judge granted the petition on January 8, 2026, finding that petitioner's detention was pursuant to § 1226(a), and ordered his immediate release from custody. (Dkt. 13.) Petitioner was released later that day. (Dkt. 14.)

On February 25, 2026, petitioner filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, seeking $50,635 for his counsel's work on his successful habeas petition, or alternatively, $24,430.90, calculated at the statutory rate. (Dkt. 23 at 1.) On March 9, 2026, the District Judge referred the fee motion to me. (Dkt. 26.) On March 25, 2026, the government filed a brief in opposition to the fee motion, arguing, *inter alia*, that its litigation position had been substantially justified and that the requested fees are too high. (Dkt. 27 at 5-9.) In a footnote, the government noted: "[t]he Second Circuit has held that habeas petitions are 'civil actions' for the purposes of the EAJA. *Vacchio v. Ashcroft*, 404 F.3d 663, 667–72 (2d Cir. 2005). However, there is a circuit split on this issue, and thus Respondents preserve this issue for appeal." *Id.* at 4 n.3.

On June 29, 2026, the United States Supreme Court granted certiorari in *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). The question presented in *Palacios* is whether the "any civil action" language found in EAJA, 28 U.S.C. § 2412(d)(1)(A), encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention. Because *Palacios* could be dispositive of the fee motion in this action, and because "[c]ourts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case," *In re Zimmer*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021), I directed the parties to submit letter-briefs as to whether this action should be stayed.

On July 9, 2026, the government filed a letter-motion to stay (Dkt. 30), and on July 15, 2026, petitioner consented to the stay. (Dkt. 32.)

The government's motion is GRANTED. This action is hereby STAYED pending the Supreme Court's decision in *Palacios*. The Clerk of Court is respectfully directed to close the motion at Dkt. 30. Within **seven days** of the decision in *Palacios*, the parties must file a joint letter as to the effect of the Supreme Court's decision, if any, on petitioner's fee motion.

Dated: New York, NY
July 16, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**